UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT LONDON

| ROBERT ALLAN JENNINGS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil Action No. 10-00039-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| J. C. HOLLAND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Petitioner Robert Allan Jennings ("Jennings") is confined in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"). Jennings has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. R. 2. Jennings has paid the $5.00 filing fee and the matter is ripe for disposition.

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979)*; see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

Because Jennings waived his right to pursue his available remedy for challenging his sentence, under 28 U.S.C. § 2255, and because he does not assert a claim of actual innocence, his § 2241 petition will be denied and this proceeding will be dismissed.

## CLAIMS ASSERTED

Jennings challenges his federal sentence, alleging that the imposition of consecutive sentences violated his right to due process of law guaranteed under the Fifth Amendment of the United States Constitution. Jennings argues that a mandatory minimum consecutive sentence under 18 U.S.C. § 924(c) may not be imposed on a defendant who receives a greater mandatory minimum sentence under any other provision of law. Jennings argues that because he received a mandatory 10-year sentence under 21 U.S.C. § 841(b)(1)(A), he should not have been sentenced to serve consecutive sentences under § 924.

## CRIMINAL CONVICTION AND APPEAL

On April 1, 2003, Jennings pleaded guilty to drug trafficking charges under 21 U.S.C. §§846, 841(b)(1)(A) and to weapons charges under 18 U.S.C. §924(c). *See United States v. Jennings*, 2:03-CR-00037-CLS (N.D. Ala.) ("the Trial Court"). On July 23, 2003, he was sentenced to 180 months of incarceration followed by a five-year term of supervised release. *See id.*, R. 28.[1] Jennings filed neither a direct appeal nor a motion for post-conviction relief under 28 U.S.C. § 2255.[2]

---

[1] The Trial Court imposed a 120-month sentence on Count One (the § 846 violation) and a 60-month sentence on Count Two (the § 924(c) violation), for a total sentence of 180 months. *Id*.

[2] On February 10, 2006, Jennings filed a prior § 2241 petition in this Court. *See Jennings v. Grondolsky*, No. 6:06-CV-62-DCR (E.D. Ky.) ("the 2006 Petition"). In the 2006 Petition, Jennings claimed that his trial counsel had been ineffective under the Sixth Amendment of the United States Constitution, according to the standards set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). On February 23, 2006, the Court entered a Memorandum Opinion and Order dismissing the 2006 Petition. *See id*, R. 3. The Court noted that Jennings had attached to his petition a partial transcript his Plea Colloquy with the Trial Court, in which he acknowledged having entered into a Plea Agreement whereby he waived his right to appeal or raise, via post-conviction motion under 28

**DISCUSSION**

Jennings fails to state a cognizable habeas corpus claim under 28 U.S.C. § 2241. Jennings challenges his sentence, but 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

There is, however, one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). "Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

This is an exceedingly narrow exception. The Sixth Circuit has held that this exception

---

U.S.C. § 2255, any non-jurisdictional issues related to his criminal proceedings. *Id.*, p. 3.

only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Jennings can not meet the threshold requirement of demonstrating that his § 2255 remedy was inadequate or ineffective, because in his Plea Agreement, he agreed to waive any collateral challenge, under § 2255, to the manner in which his sentence was calculated. This would include the imposition of consecutive sentences. As noted, when Jennings filed the 2006 Petition, he attached a partial transcript of his Plea Colloquy with the Trial Court. *See* Attachments to the 2006 Petition, Case No. 06-CV-62-DCR, R. 1-1. In that Plea Colloquy, the Trial Court specifically explained to Jennings that it was allowed to impose consecutive sentences; asked Jennings if he understood and acknowledged that fact; and Jennings responded that he did understand and acknowledge that fact. *Id.* at pp. 17-21.

The Trial Court further advised Jennings that although § 2255 would otherwise provide an avenue by which a defendant could collaterally challenge his conviction and sentence, the Plea Agreement into which he had entered with the government precluded not only a direct appeal, but also his right to collaterally challenge his conviction and sentence by motion filed under § 2255. *See id*, pp. 28-29. In response to the Trial Court's detailed explanation of this waiver, Jennings stated: "Yes sir, I understand that." *Id*., p. 29.

The Plea Colloquy continued as follows:

**THE COURT**: Do you understand that? Is that what you desire to do, Mr. Jennings?

**THE DEFENDANT**: Yes, sir, it is.

4

**THE COURT**: Mr. Steen, did you fully discuss this portion of the plea agreement with your client before he signed it?

**MR. STEEN**: I did, your Honor.

. . . .

**THE COURT**: All right. Then, Mr. Jennings, having heard this brief explanation of the Sentencing Guidelines, are you satisfied that you and your attorney have sufficiently discussed them in connection with entry of your two pleas of guilty today, and also in connection with any sentences that may hereafter be imposed?

**THE DEFENDANT**: Yes, sir, I understand.

*See Jennings v. Grondolsky*, 06-CV-62-DCR, R. 1-1, pp. 29-30.

The Sixth Circuit has held that a defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)); *see also United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005). Accordingly, because Jennings waived his right to file a § 2255 motion challenging his conviction and sentence, he can not argue that his remedy under § 2255 was inadequate or ineffective to test either the validity of his confinement or his sentence; he can not avail himself of the savings clause of § 2255; and he cannot obtain relief in this Court via § 2241.

Furthermore, even if the foregoing did not bar Jennings' claims, the Sixth Circuit has held that the savings clause exception of § 2255 only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d at 724. Jennings does not assert a claim of actual innocence because he merely challenges the imposition of consecutive sentences, not his guilt or innocence of the underlying drug offenses. Case law distinguishes claims falling under

5

the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the indictment. *See Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law").

Federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Peterman*, 249 F.3d at 462 (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D. S.C. July 23, 2009) ("No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense."); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed.").

Therefore, Jennings does not assert a legitimate claim of "actual innocence." For this additional reason, the Court must deny Jennings' § 2241 petition.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Petitioner Robert Allan Jennings's Petition for Writ of Habeas Corpus, R. 2, is **DENIED**.

2. This action shall be **DISMISSED** and **STRICKEN** from the active docket.

3. Judgment shall be entered contemporaneously with this Order in favor of J. C. Holland, the named Respondent.

This May 6, 2010.

Signed By:
Henry R Wilhoit Jr.
United States District Judge